OPINION
{¶ 1} Plaintiff/Appellant/Cross-Appellee, Tamara J. Hammersmith, and Defendant/Appellee/Cross-Appellant, Edward A. Hammersmith, appeal a judgment of the Defiance County Common Pleas Court, finding both parties incompatible and granting Tamara's petition for a divorce. Both parties maintain that the trial court abused its discretion in its division of the property between them. Having reviewed the entire record, we find there is no competent and credible evidence supporting the trial court's finding that the $5,000 mortgage taken out against the parties' home by Edward after the initiation of the divorce proceedings was a marital debt. However, we find that all of the trial court's other findings were supported by competent and credible evidence and not unreasonable, arbitrary, or unconscionable. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 2} Tamara and Edward Hammersmith were married in January of 1982 and subsequently had two children. During the entire marriage, Edward worked as a mechanic at Defiance Truck Sales 
Service, which is a family owned business. After the birth of their first child in 1984, the parties decided that Tamara would stay home with the children as a permanent homemaker.
 {¶ 3} Also in 1984, the parties built a home on land then owned by Edward's parents, Ralph and Edna Hammersmith. The home was financed partly through a $50,000 loan to Edward from his parents. The loan called for an annual interest rate of nine percent and the payment schedule listed the monthly payments at $400 a month. The parties initially kept current with the monthly payments, but have not made any payments on the loan since January of 1986. In 1989, Edward's parents transferred ownership of the land the home was built on to Edward and Tamara through a general warranty deed. The parties remained relatively debt free until 1999 when they took out a $30,000 mortgage on the home to pay for remodeling.
 {¶ 4} Throughout the marriage, Edward had access to funds well in excess of his base salary as a mechanic. Testimony and evidence tended to show that Edward had been receiving this extra income from his parents; however, they denied giving him any kind of substantial economic support.
 {¶ 5} In January of 2001, Tamara filed a complaint seeking a divorce based upon incompatibility. In March of the same year, Edward unilaterally took out an additional $5,152.50 mortgage on the family home.
 {¶ 6} The divorce proceeding came before a Defiance County magistrate in June of 2002. The only personal property in dispute was Edward's 1996 Chevrolet pickup truck and a Simplicity riding lawnmower. The magistrate found that the value of the pickup truck was $6,000, that Edward would keep possession of the truck, and that Tamara would be awarded half of the value of the truck. The Simplicity riding lawnmower was to be sold and the profits split evenly between the parties.
 {¶ 7} In dividing the real property, the magistrate found that the $50,000 mortgage on the home had been forgiven by the parents as a gift. However, the magistrate also found that the gift was intended only for Edward and awarded the $50,000 loan forgiveness to him as separate property. The magistrate also found that Edward had used $30,000 of separate funds to purchase the home and awarded this to him as separate property. Edward did not claim that the $5,152.50 mortgage he took out after the initiation of divorce proceedings was a marital debt, and the magistrate found that it was a separate debt.
 {¶ 8} In terms of spousal support, the magistrate ordered Edward to pay Tamara $250 a month until the child support for their oldest son terminated, at which time he would have to pay $400 a month in support. The duration of the spousal support was set at five years.
 {¶ 9} Both parties appealed the magistrate's decision to the Defiance County Common Pleas Court presenting a number of issues for that court to review. The trial court adopted the majority of the magistrate's decision with a few notable exceptions. The trial court found that Edward's parents' forgiveness of the $50,000 mortgage was intended as a gift to both parties and not just Edward alone. The trial court changed the characterization of the $5,152.50 mortgage Edward took out after the initiation of the divorce proceedings from a separate debt to a marital debt. The trial court also found that Edward's 1996 Chevrolet pickup truck was only worth $3,600 and that Tamara should receive a lump sum $20,000 payment in lieu of monthly support payments. It is from this judgment that both Tamara and Edward appeal, collectively presenting six assignments of error for our review.
 Standard of Review {¶ 10} All six of the assignments of error herein challenge the trial court's division of property between the parties. As such, the same standard of review will be used throughout this opinion.
 {¶ 11} In ruling on objections to a magistrate's decision the trial "court may adopt, reject, or modify the magistrate's decision." Civ.R. 53(E)(4)(b). Before determining how to equitably divide the parties' property, the trial court must first determine what constitutes martial property and what constitutes separate property. R.C. 3105.171(B). Separate property does not become marital property merely by becoming commingled with marital property, unless the separate property is not traceable. R.C. 3105.171(A)(6)(b). The party seeking to have an asset characterized as separate property has the burden of tracing the asset to separate property by a preponderance of the evidence. Peck v. Peck (1994), 96 Ohio App.3d 731, 734,645 N.E.2d 1300.
 {¶ 12} Trial courts are given broad discretion in determining an equitable distribution of the property in divorce cases. Lustv. Lust, 3rd Dist. No. 16-02-04, 2002-Ohio-3629, at ¶ 25, citing Brisker v. Brisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308; James v. James (1995), 101 Ohio App.3d 668, 680,656 N.E.2d 399. As long as the distribution ordered by the court is not unreasonable, arbitrary, or unconscionable, the court acts within its discretion in fashioning an award. Lust, at ¶ 25, citing Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295,480 N.E.2d 1112. Judgments supported by some competent, credible evidence will not be reversed as being unreasonable, arbitrary, or unconscionable. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, 696 N.E.2d 575.
 Appellant/Cross-Appellee's First Assignment of Error The Trial Court erred in finding that the claimed thirtythousand and 00/100 dollars ($30,000) was Defendant's non-maritalproperty.
 {¶ 13} In her first assignment of error, Tamara challenges the trial court's finding that Edward used $30,000 of his separate premarital assets towards the purchase the family home in 1984. She maintains that there is no competent and credible evidence supporting the trial court's decision.
 {¶ 14} At trial, several witnesses testified that the home had been constructed at a total cost of $80,000. It was uncontested by either party that Edward's parents had financed $50,000 worth of the home's construction cost. Edward testified that he had $30,000 in bonds prior to the marriage and that he cashed these in and applied the proceeds toward the construction of the home. Edward's father also testified that Edward had $30,000 in premarital assets.
 {¶ 15} Looking at the evidence and testimony in the record, we find that there was competent and credible evidence establishing that Edward used $30,000 of his separate property to construct the family home. Accordingly, we find that the trial court did not abuse its discretion in awarding him $30,000 as separate property, and we overrule Tamara's first assignment of error.
 Appellant/Cross-Appellee's Second Assignment of Error The Trial Court erred in finding that a loan secured byDefendant on March 30, 2001 was a marital debt in contraventionof a stipulation by the parties that the debt would be a separatedebt of Defendant.
 {¶ 16} In her second assignment of error, Tamara contends that the trial court erred in classifying as martial the $5,152.50 mortgage Edward took out on the home after the initiation of divorce proceedings.
 {¶ 17} In its judgment entry, the trial court found that the $5,152.50 mortgage Edward took out "clearly funded payment of valid marital obligations." As such, the trial court found that it was a marital debt and charged it against the estate. However, a review of the record fails to reveal any competent and credible evidence supporting the trial court's judgment.
 {¶ 18} During all of the proceedings, both parties treated the $5,152.50 mortgage as solely Edward's responsibility. Edward himself testifies that the loan is "a personal loan" that he alone is responsible for repaying. In fact, every time the mortgage is referenced in the record, Edward or his attorney reiterates that the loan is a separate debt not a martial debt. Nowhere in the record is there any evidence that Edward applied the proceeds of this loan towards any kind of marital expenses. There is only a cursory explanation by Edward that "bills were piling up" and that he needed the money. The testimony of Edward himself establishes that the mortgage was a personal loan and not a marital debt, and we find no competent credible evidence proving otherwise. Therefore, we sustain Tamara's second assignment of error and reverse the judgment of the trial court in that regard.
 Appellant/Cross-Appellee's Third Assignment of Error The Trial Court erred in determining that Husband's pick-uptruck was only worth three thousand six hundred dollars($3,600).
 {¶ 19} In her third assignment of error, Tamara maintains that the trial court erred in setting the value of Edward's pickup truck at $3,600. She claims that there is no competent and credible evidence supporting this decision.
 {¶ 20} At trial, Edward produced an appraisal that valued his truck at $3,600. Tamara produced her own appraisal of the truck that placed the value at $8,635. The trial court could reasonably have found that Edward's appraisal more accurately reflected the true value of the pickup than Tamara's appraisal. Tamara's appraisal was a Kelly Blue Book appraisal done over the internet and referenced a different model truck than the one Edward owns. Edward's appraisal was done in person by a car dealer. Looking at the evidence before us, we find that the trial court's adoption of Edward's appraisal as the value of the truck was supported by competent and credible evidence. Accordingly, Tamara's third assignment of error is overruled.
 Appellant/Cross-Appellee's Fourth Assignment of Error The Trial Court erred in awarding inadequate spousal supportunder the circumstance of this case and in awarding a one-timedistributive award of twenty thousand and 00/100 dollars($20,000) to wife in lieu of spousal support.
 {¶ 21} In her fourth assignment of error, Tamara asserts that the trial court abused its discretion in awarding her a one time $20,000 lump sum in lieu of periodic support payments.
 {¶ 22} When determining the appropriateness and reasonableness of spousal support, the trial court must consider the factors listed in R.C. 3105.18(C)(1). One of these factors is the parties' income "from all sources." R.C. 3105.18(C)(1)(a). In applying these factors and making a determination regarding spousal support, the trial court is granted broad discretion in determining the manner and method of payment. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355-356, 421 N.E.2d 1293. Pursuant to R.C. 3105.18(B), "[a]n award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court considers equitable." A reviewing court will not substitute its own judgment for that of the trial court unless, when considering the totality of the circumstances, it is determined that the trial court abused its discretion. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222,459 N.E.2d 896. A finding of abuse of discretion by the trial court with regard to the order of spousal support would imply that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218-219, 450 N.E.2d 1140.
 {¶ 23} Tamara argues that the trial court erred by failing to take into account the substantial financial contribution Edward received from his parents during the marriage. She maintains that the financial support he received from them in the past will continue and should be factored in as income for the purposes of spousal support.
 {¶ 24} However, Tamara misreads the trial court's judgment entry. It is clear that the trial court did take into account the financial support that Edward had received in the past. The trial court correctly states that while Edward had previously received financial support from his parents, they were under no legal obligation to continue their generosity. Therefore, the trial court ordered a one time lump sum payment which gave Tamara a share of the income Edward had already gotten from his parents without basing future support payments on income his parents were not legally obligated to provide.
 {¶ 25} Having reviewed the record, we find that the trial court's one time lump sum payment in lieu of periodic support payments was not an abuse of discretion. Accordingly, we affirm the decision of the trial court.
 Appellee/Cross-Appellant's First Cross Assignment of Error The Trial Court erred and abused its discretion when itoverruled the magistrate's decision finding that a promissorynote dated September 4, 1984 between Defendant/Cross-AppellantEdward Hammersmith and his father, Defendant Ralph Hammersmith,was a gift from Ralph to Edward, and therefore, the separateproperty of Defendant/Cross-Appellant Edward Hammersmith in theamount of $47,637.52; furthermore, the Court's decision in thisregard was against the manifest weight of the evidence.
 Appellee/Cross-Appellant's Second Cross Assignment of Error
 Assuming Ad Arguendo that the promissory note datedSeptember 4, 1984 between Defendant/Cross-Appellant EdwardHammersmith and his father, Defendant Ralph Hammersmith was not agift solely to Edward Hammersmith and therefore his separateproperty, then the trial court erred, abused its discretion, andfound against the manifest weight of the evidence, that saidpromissory note was not an outstanding marital debt due and owingby the parties at the time of the filing of the divorce.
 {¶ 26} In his two cross assignments of error, Edward challenges the trial court's findings regarding the $50,000 loan given to him by his parents to help pay for the construction of the family home. Edward maintains that the mortgage was never forgiven by his parents as a gift, and even if it was forgiven as a gift, that it was intended solely for Edward.
 {¶ 27} The classification of property as a loan or a gift is a factual determination to be made by the trial court. Kelly v.Kelly, 2nd Dist. No. 19263, 2003-Ohio-612, at ¶ 41-45. A reviewing appellate court will not reverse the trial court's decision where it is supported by competent and credible evidence. Id.
 {¶ 28} Herein, there is no doubt that the $50,000 given to Edward was originally intended as a loan. There is a written promissory note outlining the amount due, the interest, and a payment schedule. However, there is ample evidence proving that the loan was eventually forgiven as a gift. No payment has been made on the loan in over fourteen years and there have never been any attempts on the part of the parents to collect the payments. There was testimony given at trial that Edward's parents had said the loan was forgiven as a gift. Furthermore, the land on which the home was built was given to Edward and Tamara through a general warranty deed. Clearly there was competent and credible evidence upon which the trial court based its decision that the loan was forgiven as a gift.
 {¶ 29} In the alternative, Edward contends that any gift given by his parent's forgiveness of the $50,000 loan was intended solely for him and not as a marital gift. To support this theory, Edward points to the promissory note, which names him as the sole debtor. However, the general warranty deed from his parents transferred ownership of the land on which the family home was built to both Edward and Tamara. Moreover, there was testimony establishing that Edward's parents had told Tamara that the forgiveness of the loan was a gift to them as a couple. Again, we find that there was competent and credible evidence to support the trial court's decision.
 {¶ 30} Having reviewed the entire record before us, we find that the trial court did not abuse its discretion in finding that the $50,000 loan was forgiven as a gift intended for both Tamara and Edward. Accordingly, we overrule both of Edward's cross assignments of error and affirm the decision of the trial court.
 {¶ 31} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse in part the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part reversed in part and cause remanded.
Shaw, P.J., and Cupp, J., concur.