OPINION
{¶ 1} Plaintiff-appellant, Ann H. Womer Benjamin, Superintendent of the Ohio Department of Insurance, in her capacity as liquidator of Credit General Insurance Company and Credit General Indemnity Company (collectively, "Credit General" or "the insurer"), appeals from a June 3, 2004 judgment of the Franklin County Court of Common Pleas denying plaintiff's motion seeking a determination that intervenors-appellees, John Hancock Life Insurance Company and John Hancock Financial Services Company, Inc. (collectively, "Hancock"), violated Ohio insurance liquidation law and court orders placing Credit General in liquidation.
 {¶ 2} The material facts in this case are not disputed. Credit General was an Ohio licensed property and casualty insurer; Hancock reinsured many of Credit General's policies. Reinsurance is insurance an insurance company purchases to cover all or a portion of the risks associated with insurance policies it issues. See Covington v. Am. Chambers Life Ins.Co., 150 Ohio App.3d 119, 2002-Ohio-6165, ¶ 20, fn. 1. The record indicates that the reinsurance contracts Hancock and the insurer entered into provided that Hancock would receive premium payments for the portion of Credit General's insurance risks it assumed. Upon the occurrence of a loss covered by one of Credit General's policies, Credit General would pay the policyholder's claim, including the reinsured portion, and then seek reimbursement from Hancock for the amount of the reinsured loss paid to the policyholder. The reinsurance contracts contained arbitration clauses the parties could invoke to resolve disputes between them.
 {¶ 3} In 1999, Credit General initiated an action against Hancock in the United States District Court for the Northern District of Ohio seeking declaratory relief and damages resulting from Hancock's alleged breach of its obligation to indemnify Credit General for reinsured losses. Credit General alleged that although Hancock initially reimbursed Credit General for reinsured losses in accordance with the parties' reinsurance contracts, Hancock refused in 1999 to further honor its contractual indemnification obligations. Hancock moved to stay the federal court action in order to arbitrate Credit General's claims. In a May 30, 2000 order, the federal court found Credit General's claims to be subject to arbitration pursuant to the parties' contract, and it dismissed Credit General's action without prejudice. Hancock and Credit General thereafter proceeded toward, but did not complete, arbitration.
 {¶ 4} On November 27, 2000, the Ohio Superintendent of Insurance filed a motion in the Franklin County Court of Common Pleas requesting the court to place Credit General in liquidation because the insurer was insolvent and unable to carry on its insurance business. The common pleas court ("the liquidation court") granted the Superintendent's motion and issued Final Orders of Liquidation for Credit General pursuant to R.C. Chapter 3903, the Insurers Supervision, Rehabilitation, and Liquidation Act (the "Liquidation Act"). (Dec. 12, 2000 and Jan. 5, 2001 Liquidation Orders.)
 {¶ 5} Ohio's Liquidation Act is a comprehensive statutory scheme which, among other things, regulates delinquency proceedings in connection with insolvent insurance companies. The Liquidation Act is designed to protect the "interests of insureds, claimants, creditors, and the public generally," to enhance the "efficiency and economy of liquidation," and "to minimize legal uncertainty and litigation." R.C.3903.02(D).
 {¶ 6} Pursuant to the Liquidation Act, the liquidation court assumed exclusive subject matter jurisdiction over all claims and proceedings concerning assets of Credit General's liquidation estate, and it acquired in personam jurisdiction over Hancock, as Credit General's reinsurer. R.C. 3903.04(C)(2) and (E); R.C. 3903.28(G). The liquidation court appointed the Superintendent of Insurance to act as liquidator of Credit General and authorized the liquidator to pursue and defend all claims, including reinsurance claims, on behalf of the liquidation estate. See R.C. 3903.21 (setting forth general powers of liquidator) and R.C. 3903.32
(describing rights against reinsurers). Mirroring language set forth in R.C. 3903.24(A), the liquidation orders mandated that "[n]o civil action shall be commenced against Defendant [Credit General] or the Liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further prosecuted after the entry of this Order." (Liquidation Orders, ¶ 18.)
 {¶ 7} On January 25, 2001, the liquidation court granted Hancock leave to intervene in the liquidation proceedings. Approximately one year later, Hancock filed two proofs of claim seeking from Credit General's liquidation estate approximately $64 million, largely representing Credit General's reinsurance losses Hancock allegedly paid.
 {¶ 8} After reviewing and investigating Hancock's claims pursuant to R.C. 3903.43(A), the liquidator filed a complaint against Hancock in the liquidation court on January 30, 2004 to recover monies it claimed Hancock owed Credit General's liquidation estate. The liquidator specifically alleged that Hancock breached 13 of its reinsurance contracts with Credit General and refused in bad faith to pay Credit General and its liquidation estate at least $60 million in reinsurance monies due the insurer pursuant to the contracts. (Jan. 30, 2004 Complaint.)
 {¶ 9} Relying on this court's decision in Benjamin v. Pipoly,155 Ohio App.3d 171, 2003-Ohio-5666, the liquidator further contended that despite contractual arbitration provisions, it was entitled to have its claim decided in a court of law. See Pipoly, supra (holding that because strong policies embodied in Ohio's insurance liquidation statutes regarding the state's interest in centralizing claims and defenses raised against an insolvent insurer into a single forum outweigh the general policy favoring arbitration as a means of settling disputes, arbitration clauses contained within agreements entered into by an insurer, later determined to be insolvent, cannot be enforced against the liquidator).
 {¶ 10} In response to the liquidator's state action against it, Hancock filed a petition, based on diversity jurisdiction, to remove the liquidator's action from the state liquidation court to the United States District Court for the Southern District of Ohio. Simultaneously, in Credit General's previously-dismissed action in the federal court for the Northern District of Ohio, Hancock (1) filed a motion to show cause why the liquidator, in commencing the state action against Hancock, should not be held in contempt for violating the federal court's May 30, 2000 order dismissing Credit General's federal action in favor of arbitration, and (2) filed a petition requesting the federal court to compel arbitration of the liquidator's and Hancock's disputes involving the reinsurance contracts. Finally, Hancock moved to consolidate the cases pending in the Northern and Southern Districts of Ohio federal courts and to dismiss or stay and transfer the Southern District action.
 {¶ 11} The liquidator filed motions in both federal district courts opposing their exercise of jurisdiction and requesting dismissal and/or remand to the Ohio liquidation court based on both its exclusive jurisdiction, granted in R.C. 3903.04(E), and the McCarran-Ferguson Act, providing for reverse preemption of federal jurisdiction in cases involving state regulation of the insurance industry. See Section 1012(b), Title 15, U.S.Code; United States Dept. of Treasury v. Fabe
(1993), 508 U.S. 491, 500, 113 S.Ct. 2202 (noting the McCarran-Ferguson Act was enacted to "restore the supremacy of the States in the realm of insurance regulation"). See, also, Covington v. Sun Life of Canada (U.S.)Holdings, Inc. (May 17, 2000), S.D.Ohio No. C-2-00-069, unreported (holding that federal jurisdiction is reverse preempted by the provisions in Ohio's Liquidation Act granting the Franklin County Court of Common Pleas exclusive jurisdiction over insurance liquidation matters).
 {¶ 12} In addition, the liquidator subsequently filed a motion in the liquidation court requesting it to interpret its liquidation orders and determine that Hancock's federal court filings violated the clear prohibitions of R.C 3903.24(A) and corresponding provisions in the liquidation orders. The liquidator specifically did not request the liquidation court to rule on substantive issues concerning the McCarran-Ferguson Act's reverse preemption doctrine or the propriety of the federal court's jurisdiction over Hancock's actions, and she withdrew her initial request that Hancock be enjoined from or held in contempt for pursuing its federal court actions. The liquidator acknowledged that a state court cannot enjoin a pending federal court action, but contended that under applicable federal law and principles of comity, the requested finding was appropriate in the context of state insurance insolvency proceedings. See Munich Am. Reinsurance Co. v. Crawford (C.A.5, 1998),141 F.3d 585, certiorari denied, 525 U.S. 1016. The liquidator argued that the requested ruling from the liquidation court would not overstep the bounds of the state court's power because its interpretation of Ohio insurance liquidation law would aid the federal courts in resolving the jurisdictional matters before them.
 {¶ 13} On June 3, 2004, the liquidation court issued its decision that Hancock's filing the federal actions did not violate the court's liquidation orders, both based upon R.C. 3903.24(A) provisions that no civil action shall be commenced or maintained against the insolvent insurer or the liquidator after entry of the liquidation orders. Specifically, the liquidation court ruled that Hancock did not violate the subject provisions in the liquidator's orders in its federal court filing to remove the action based upon diversity jurisdiction, to compel the liquidator to arbitrate, or to show cause. We note, parenthetically, the liquidator does not contest the ruling regarding the removal action, presumably because the federal court for the Southern District of Ohio subsequently denied Hancock's motion for removal, concluding that jurisdiction over the liquidator's claims against Hancock appropriately resided in Ohio's liquidation court.
 {¶ 14} The liquidator appeals from the liquidation court's judgment, assigning the following errors:
1. The Liquidation Court erred when it ruled that John Hancock's filing of an action against the Liquidator in the United States District Court for the Northern District of Ohio against the Liquidator, Case Number 1:04CV0449, did not violate the provisions of the Liquidation Court's Liquidation Orders issued pursuant to Ohio Revised Code Chapter 3903, given that the terms of those orders, consistent with the statutory mandate, unambiguously provide that "[n]o civil action shall be commenced against . . . the Liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further prosecuted after the entry of this Order."
2. The Liquidation Court erred when it ruled that John Hancock's filing of a motion to show cause against the Liquidator in the United States District Court for the Northern District of Ohio against the Liquidator in Case Number 1:99CV02690, did not violate the provisions of the Liquidation Court's Liquidation Orders issued pursuant to Ohio Revised Code Chapter 3903, given that the terms of those orders, consistent with the statutory mandate, unambiguously provide that "[n]o civil action shall be commenced against . . . the Liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further prosecuted after the entry of this Order."
 {¶ 14} Preliminarily, we must address whether the liquidator's appeal is properly before this court, where the liquidation court found that Hancock did not violate, and was not in contempt of, the court's liquidation orders. A party generally has no right of appeal when a court decides that an adverse party will not be held in contempt, unless prejudice results to the party asserting the violation. Denovchek v. Bd.of Trumbull Cty. Comm'rs. (1988), 36 Ohio St.3d 14. See, also, State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10 (deciding an appeal from an order finding no contempt).
 {¶ 15} In this case, the record demonstrates a sufficient showing of prejudice to the liquidator and other interested parties that may result from the liquidation court's decision, specifically, piecemeal litigation, unequal treatment of claimants, and a risk of conflicting rulings in this and other Ohio insurance liquidation proceedings. Moreover, a likelihood exists on this record that the liquidator will have to litigate in multiple forums, thereby dissipating the liquidation estate's assets, increasing the practical burdens, and frustrating the efficient and orderly administration of the liquidation estate. Accordingly, the liquidator's appeal is properly before this court.
 {¶ 16} The liquidator's assignments of error presented are interrelated and will be discussed jointly. Together they assert the common pleas court, sitting as the liquidation court, committed legal error, not by refusing to enjoin Hancock or to hold it in contempt, but by ruling that Hancock's federal court actions undertaken in the Northern District of Ohio against the liquidator did not violate the provisions in the liquidation orders. Those orders are based upon and track R.C.3903.24(A)'s clear language, which states:
Upon entry of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this state, no civil action shall be commenced against the insurer or liquidator, whether in this state or elsewhere, nor shall any such existing actions be maintained or further prosecuted after the entry of the order.
(Emphasis added.) The liquidator contends the court's ruling undermines and is contrary to this state's public policy, expressed in the Liquidation Act, that all proceedings related to insurance liquidation be consolidated into a single centralized forum: the Franklin County Court of Common Pleas. R.C. 3903.04(E).
 {¶ 17} Whether a violation of a statute exists is a question of law that is subject to de novo review on appeal. Brennaman v. R.M.I. Co.
(1994), 70 Ohio St.3d 460, 466; City of Columbus v. Breer,152 Ohio App.3d 701, 2003-Ohio-2479, ¶ 11. Legal questions, including those in the context of contempt, are reviewed on a de novo basis, even though rulings relating to civil contempt are usually decided on appeal under an abuse of discretion standard. Lawhorn v. McKay, Highland App. No. 01CA12, 2002-Ohio-4461, ¶ 7; Rootstown Twp. v. Drennen (Sept. 29, 2000), Portage App. No. 99-P-0096. Because the liquidator's challenge is limited solely to the liquidation court's ruling that Hancock's federal court actions against the liquidator did not violate provisions in the liquidation orders that are directly derived from and necessarily involve an interpretation of R.C. 3903.24(A), our review is de novo.
 {¶ 18} The liquidation court expressly found that Hancock's petition to compel arbitration did not violate the provisions in the liquidation orders, derived from R.C. 3903.24(A), because Hancock's filing the petition was "defensive in nature," having been "spurred" by the liquidator's commencement of the state action against Hancock. (June 3, 2004 Decision and Entry ["Decision"], 6-7.)
 {¶ 19} Neither R.C. 3903.24(A) nor corresponding language in the liquidation orders limits the type of civil action to which the provision is applicable, and neither distinguishes between "defensive" and "offensive" civil actions, as did the liquidation court in this case. Although "civil action" is not defined in the Liquidation Act, the usual and customary meaning accorded to a civil action is "[a]n action brought to enforce, redress or protect a private or civil right; a noncriminal litigation." Black's Law Dictionary (7 Ed.Rev. 1999) 30. See, also, Civ.R. 2 (stating that "there shall be only one form of action, and it shall be known as a civil action"). Hancock's filing of the federal petition to compel the liquidator to arbitrate claims involving Credit General's liquidation estate constitutes a "civil action" because Hancock sought to enforce a private right conferred through contractual arbitration clauses contained in Hancock's reinsurance contracts with Credit General.
 {¶ 20} When a statute conveys a meaning that is clear, unequivocal and definite, the statute must be applied as written. Breer, at 703;Covington v. Airborne Express, Inc., Franklin App. No. 03AP-733,2004-Ohio-6978, ¶ 13. The court must give effect to the words used in the statute, accord the words their usual and customary meaning, and not delete words or insert words that are not used. Id. Here, the liquidation court erroneously engrafted a judicial exception onto the plain language of the statute and the court's own liquidation orders so as exclude "defensive actions" from the force and effect of R.C. 3903.24(A). However, giving effect and confining our analysis to the words used in the statute, we conclude that Hancock's filing the federal petition against the liquidator was an action that is expressly prohibited by, and in violation of, R.C. 3903.24(A) and the liquidation orders entered in this case.
 {¶ 21} Similarly, Hancock's federal motion for the liquidator to show cause was a "civil action" prohibited by R.C. 3903.24(A) and the liquidation orders because in the motion Hancock sought (1) to enforce the Northern District federal court of Ohio's May 30, 2000 order finding that Credit General's claims were subject to arbitration, and (2) to redress the liquidator's refusal to arbitrate the claims that were the subject of Credit General's 1999 federal action.
 {¶ 22} Although the liquidation court apparently recognized, as we now explicitly hold, that Hancock's filing the show cause motion clearly constituted an "action" against the liquidator, the liquidation court found the determinative issue was whether Hancock should be held in contempt of the liquidation orders, not only where the state court has no authority to enjoin the federal proceedings, but where the federal court may decide Hancock's show cause motion is properly before it. (Decision, 7.) The liquidation court therefore concluded "the evidence is not clear and convincing that John Hancock has violated the Liquidation Order" because "[t]he Northern District [federal] court may find that it has jurisdiction to decide the `Motion to Show Cause.'" (Decision, 8.) Thus, the liquidation court decided, it would be inequitable and inappropriate to hold Hancock in contempt for an action the federal court may deem is permissible.
 {¶ 23} Contrary to the liquidation court's determination, whether Hancock's filing the show cause motion violated R.C. 3903.24(A) and the liquidation orders is an issue distinct from and not dependent upon whether Hancock should be held in contempt. Denovchek, at 15. Rather, whether Hancock should be held in contempt depends, in the first instance, on whether Hancock violated the court orders. See Benjamin v.Credit General Ins. Co., Franklin App. No. 04AP-459, 2004-Ohio-6354, ¶7.
 {¶ 24} Further, whether Hancock's filing the show cause motion in federal court violated the clear terms of R.C. 3903.24(A) and the liquidation orders does not turn on the federal court's possible exercise of jurisdiction over Hancock's motion. To the contrary, by operation of the McCarran-Ferguson Act's reverse preemption of federal jurisdiction in cases involving a state's liquidation of an insolvent insurer, whether the federal court has jurisdiction over Hancock's show cause motion turns, at least in part, on whether Hancock's actions in federal court against the liquidator were contrary to Ohio's Liquidation Act. SeeMunich, supra.
 {¶ 25} In the final analysis, Hancock's filing the federal show cause motion against the liquidator violated the plain terms of the liquidation orders and the Liquidation Act that specifically prohibit commencing, maintaining, or further prosecuting an action against the liquidator of the insolvent insurer's estate. R.C. 3903.24(A); Liquidation Orders, ¶ 18. Moreover, Hancock's federal court actions against the liquidator were contrary to the General Assembly's grant of exclusive jurisdiction to the Franklin County Court of Common Pleas as the forum for hearing claims and proceedings relating to the insolvent insurer's liquidation estate.
 {¶ 26} Based on the foregoing, we sustain the liquidator's assignments of error and reverse the liquidation court's June 3, 2004 judgment that Hancock's actions in federal court against the liquidator did not violate Ohio's Liquidation Act and the liquidation orders entered in this case, and we remand for further proceedings consistent with this court's opinion.
Judgment reversed and case remanded.
Brown, P.J., and Lazarus, J., concur.