POUR HOUSE, INC., Appellant,

v.

OHIO DEPARTMENT OF HEALTH, Appellee.

[Cite as *Pour House, Inc. v. Ohio Dept. of Health,*
185 Ohio App.3d 680, 2009-Ohio-5475.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–157.

Decided Oct. 15, 2009.

Maurice A. Thompson, for appellant.

Richard Cordray, Attorney General, and Carol V. Mosholder, Assistant Attorney General, for appellee.

KLATT, Judge.

{¶ 1} Appellant, Pour House, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of appellee, Ohio Department of Health, and its designee, the Toledo–Lucas County Health Department ("Lucas County"), finding the Pour House in violation of Ohio's Smoke–Free

Workplace Act. For the following reasons, we reverse that judgment and remand the matter for further proceedings consistent with this decision.

{¶ 2} On December 7, 2006, Ohio's Smoke–Free Workplace Act, R.C. Chapter 3794, became effective. In part, the law prohibits proprietors of public places or places of employment from permitting smoking in those places. R.C. 3794.02(A).

{¶ 3} On January 23, 2008, Lucas County received a complaint that people were smoking in the Pour House, a bar in Toledo, Ohio. As a result, Lucas County opened an investigation. Shortly thereafter, Kerry Cutcher, a registered sanitarian for Lucas County, inspected the Pour House as part of that investigation. Cutcher walked into the Pour House and observed a lit, burning cigarette in an Altoid tin placed on the bar.

{¶ 4} Based on Cutcher's observation, Lucas County found the Pour House in violation of Ohio's Smoke–Free Workplace Act by permitting smoking in prohibited areas ("smoking violation"). Lucas County imposed a $500 fine for this smoking violation. Ted Wilczynski, the owner of the Pour House, requested an administrative review to contest the smoking violation.

{¶ 5} At the administrative review before a hearing examiner, Cutcher testified that she entered the bar and immediately observed a lit, burning cigarette in an Altoid tin. She testified that the bartender, Jennifer Croley, told her the cigarette belonged to a customer who had just left the bar. Croley then disposed of the cigarette.

{¶ 6} Croley testified that she saw a man light a cigarette at the end of the bar. She immediately told him to put it out or take it outside. Instead, the man put the lit cigarette down on the bar in an Altoid tin he took out from his pocket. The man then left the bar. Croley could not immediately dispose of the cigarette because she was serving a customer, but she intended to extinguish it as soon as she finished. Less than a minute after the man left the bar, Cutcher walked in and observed the lit cigarette. Croley explained to Cutcher what had happened and disposed of the cigarette.

{¶ 7} Wilczynski testified that the Pour House enforces a strict no-smoking policy. The bar has no-smoking signs on its front and back doors and eight other no-smoking signs in the bar. He has instructed his employees to tell people who light a cigarette to either take it out to the patio or leave the bar.

{¶ 8} The hearing examiner concluded that R.C. 3794.02(A) imposes strict liability on a proprietor if smoking occurs in a prohibited place. The hearing examiner reasoned that because it was undisputed that there was a cigarette burning inside the premises, the Pour House violated the statute. Notably, the hearing examiner found Wilczynski's testimony credible (i.e., that he enforced a strict no-smoking policy in the Pour House). The hearing examiner also found

Croley's testimony credible (i.e., that she asked the man to extinguish the lit cigarette as soon as she saw it). Notwithstanding that testimony, the hearing examiner concluded that the strict-liability nature of the statute provided no "leniency for fact patterns such as this." Therefore, the hearing examiner recommended that Lucas County affirm the violation. Pour House filed objections to the hearing examiner's recommendation.

{¶ 9} Lucas County rejected Pour House's objections, approved the hearing examiner's recommendation, and affirmed the smoking violation. The Franklin County Court of Common Pleas affirmed Lucas County's decision.

{¶ 10} Pour House appeals and assigns the following errors:

[1.] A proprietor does not permit smoking when it does everything within its power to stop the smoking.

[2.] Enforcement and application of R.C. 3794 as a strict-liability offense is inconsistent with the plain language of R.C. 3794.

[3.] If R.C. 3794.02(a) imposes liability on the proprietor in this case, * * * it is unconstitutionally vague as applied to that proprietor.

■ {¶ 11} This appeal is governed by R.C. 119.12. R.C. 3794.09(C). Therefore, the trial court reviews the agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. The trial court's review is not de novo. However, the common pleas court may consider the credibility of the witnesses, as well as the weight and probative character of the evidence. Determining whether an agency order is supported by reliable, probative, and substantial evidence is essentially a question of the presence or absence of the requisite quantum of evidence. In undertaking this hybrid form of review, the trial court must give due deference to the administrative resolution of evidentiary conflicts, but the findings of the agency are not conclusive. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110–111, 17 O.O.3d 65, 407 N.E.2d 1265.

■ {¶ 12} On appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. In reviewing the common pleas court's determination that an agency order is or is not supported by reliable, probative, and substantial evidence, the appellate court's role is limited to determining whether or not the common pleas court abused its discretion. *Ace Ventures L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. No. 03AP–280, 2003-Ohio-6556, 2003 WL 22889567, ¶ 6. On questions of law, the court of appeals' review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.

{¶ 13} Because appellant's first two assignments of error are interrelated, we will address them together. By these assignments of error, appellant contends that the hearing examiner and the trial court improperly interpreted R.C. 3794.02(A). We agree.

{¶ 14} The interpretation of a statute is a question of law that we review de novo. *Washington Cty. Home v. Ohio Dept. of Health,* 178 Ohio App.3d 78, 2008-Ohio-4342, 896 N.E.2d 1011, ¶ 27. In interpreting a statute, a court's principal concern is determining the legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. A court must first examine the statute's language to determine the legislative intent. Id.; *Black v. Bd. of Mecca Twp. Trustees,* 11th Dist. No. 2004–T–0031, 2005-Ohio-561, 2005 WL 336477, ¶ 9. An unambiguous statute need not be interpreted; instead, a court simply must apply the words of the statute as written. *Guethlein v. Ohio State Liquor Control Comm.,* 10th Dist. No. 05AP–888, 2006-Ohio-1525, 2006 WL 827434, ¶ 11; *Marcum v. Rice* (July 20, 1999), 10th Dist. No. 98AP–717, 1999 WL 513813. Courts lack the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation or liberal or narrow construction. *Guethlein* at ¶ 12; *Boardman Twp. Bd. of Trustees v. Fleming* (1996), 110 Ohio App.3d 539, 542, 674 N.E.2d 1204. "Rather, a court must give effect to the words used in the statute, accord the words their usual and customary meaning, and not delete words used or insert words that are not used." *Guethlein,* citing *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441.

{¶ 15} R.C. 3794.02(A) provides, "No proprietor * * * shall permit smoking in the public place or place of employment." R.C. 3794.01(A) defines smoking to include the presence of a lighted cigarette. The question before us is the meaning of the phrase "permit smoking." Does this phrase mean that the statute is violated if smoking occurs in a prohibited place, regardless of the measures taken by the proprietor to prevent it? Or does this phrase mean that the statute is violated only if the proprietor affirmatively allows smoking in a prohibited place, or implicitly allows smoking by failing to take reasonable measures to prevent it? It appears that the trial court accepted the hearing examiner's interpretation of this statute as imposing strict liability on the proprietor if smoking occurs in a prohibited place, regardless of the measures taken by the proprietor to prevent it. Based on that interpretation, the trial court found that the mere presence of a lighted cigarette in a prohibited place constituted reliable, probative, and substantial evidence sufficient to support Lucas County's decision. We disagree.

{¶ 16} This court previously noted in a similar context that the word "permit" is defined as " 'to suffer, allow, consent, let; to give leave or license; to acquiesce, by failure to prevent, or to expressly assent or agree to the doing of an act.' "

*Bexley v. Selcer* (1998), 129 Ohio App.3d 72, 77, 716 N.E.2d 1220, quoting Black's Law Dictionary (5th Ed.Rev.1979); *Traditions Tavern v. Columbus,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197, ¶ 24. We further noted in *Selcer* that the word "permit" connotes some affirmative act or omission. *Selcer* at 77, 716 N.E.2d 1220.

{¶ 17} In *Traditions Tavern,* this court dealt with the constitutionality of Columbus's citywide smoking ban (since superseded by Ohio's Smoke–Free Workplace Act). The city's smoking ban provided that no proprietor of " 'a public place or place of employment shall permit smoking in said public place or place of employment.' " Id. at ¶ 3, quoting Columbus Code 715.02(A). We interpreted that language, which is almost identical to the pertinent language in R.C. 3794.02(A), to prohibit a proprietor from affirmatively allowing smoking within an establishment. Id. at ¶ 25. We also interpreted this language as prohibiting a proprietor from implicitly allowing smoking by "failing to take appropriate measures to prevent people from using tobacco on the premises, such as posting no-smoking signs or removing ashtrays." Id. at ¶ 24.

{¶ 18} We reach the same conclusion in interpreting R.C. 3794.02(A). A proprietor violates R.C. 3794.02(A) only when the proprietor permits smoking. A proprietor permits smoking when the proprietor affirmatively allows smoking or implicitly allows smoking by failing to take reasonable measures to prevent patrons from smoking—such as by posting no-smoking signs and notifying patrons who attempt to smoke that smoking is not permitted. *Traditions Tavern.*

{¶ 19} R.C. 3794.02(A) is a strict-liability statute, but there is no liability unless there has been conduct that violates the statute. Strict liability addresses the mens rea element of a violation, not the conduct itself. *State v. Ferguson,* 10th Dist. No. 07AP–999, 2008-Ohio-6677, 2008 WL 5265893, ¶ 73; *State v. Squires* (1996), 108 Ohio App.3d 716, 718, 671 N.E.2d 627 (strict-liability offense not concerned with actor's purpose, only with conduct); *State v. Acevedo* (May 24, 1989), 9th Dist. No. 88CA004423, 1989 WL 54697 (concept of strict liability founded on premise that the mere doing of the act constitutes the offense). Therefore, regardless of the proprietor's intent, a proprietor would be strictly liable under R.C. 3794.02(A) if the proprietor affirmatively allows smoking or implicitly allows smoking by failing to take reasonable measures to prevent it, such as posting no-smoking signs and notifying patrons who attempt to smoke that smoking is not permitted. Without evidence that the proprietor permitted smoking, there is no basis for finding that the proprietor violated the statute. Unless there is violative conduct, the strict-liability nature of the statute is irrelevant.

{¶ 20} Appellee argues on appeal that R.C. 3794.02(A) contemplates a burden-shifting analysis. Appellee contends that once it proves that smoking has occurred, the burden shifts to the proprietor to prove that it did not permit smoking—much like an affirmative defense. We disagree. Appellee must prove each of the elements of a smoking violation. Ohio Adm.Code 3701–52–08(E) (requiring findings of smoking violations to be supported by preponderance of the evidence). Permitting smoking is an element of the smoking violation; the opposite is not an affirmative defense.

{¶ 21} Because the trial court erred in interpreting R.C. 3794.02(A), we sustain Pour House's first and second assignments of error. This disposition renders the Pour House's third assignment of error moot. App.R. 12(A)(1)(c).

{¶ 22} Having sustained the Pour House's first and second assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas. We remand this matter to the trial court with instructions to remand it to the Toledo-Lucas County Health Department to determine whether or not Pour House violated R.C. 3794.02(A) under the standard set forth in this decision.

Judgment reversed,
and cause remanded
with instructions.

FRENCH, P.J., and BROWN, J., concur.