PARKER'S TAVERN, Appellant,

v.

OHIO DEPARTMENT OF HEALTH, Appellee.

[Cite as *Parker's Tavern v. Ohio Dept. of Health*, 195 Ohio App.3d 22, 2011-Ohio-3598.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–968.

Decided July 21, 2011.

---

16. *Summerland v. Livingston* (C.A.6, 2007), 240 Fed.Appx. 70, 79; *Los Angeles v. Heller* (1986), 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806.

Tyler W. Kahler, for appellant.

Michael DeWine, Attorney General, and Stacy Hannan, Assistant Attorney General, for appellee.

---

KLATT, Judge.

{¶ 1} Appellant, Parker's Tavern ("the Tavern") appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of appellee, the Ohio Department of Health, and its designee, the Franklin County Board of Health (hereinafter "Franklin County"), finding the Tavern in violation of Ohio's Smoke Free Workplace Act. Because the trial court did not abuse its discretion in finding reliable, probative, and substantial evidence to support the administrative decision, we affirm that judgment.

**Factual and Procedural Background**

{¶ 2} Ohio's Smoke Free Workplace Act, R.C. Chapter 3794, prohibits proprietors of public places or places of employment from permitting smoking in those places. R.C. 3794.02(A).

{¶ 3} On May 16, 2009, Franklin County received a complaint that people were smoking in the Tavern, a bar in Grove City, Ohio. As a result, Franklin County opened an investigation. Shortly thereafter, Kent Bradley and Jere Marks, registered sanitarians for Franklin County, inspected the Tavern as part of that investigation. On the evening of June 10, 2009, Bradley and Marks walked into the Tavern and observed several patrons smoking at a table in the bar. For a period of five minutes, they did not observe any Tavern employee ask the patrons

to stop smoking or to take their cigarettes outside. When the wife of the Tavern's owner recognized the inspectors, she asked the patrons to stop smoking, and they immediately complied.

{¶ 4} Based on those observations, Franklin County found that the Tavern violated Ohio's Smoke Free Workplace Act by permitting smoking in prohibited areas ("smoking violation"). Because the Tavern had prior smoking violations, and because this violation was determined to be intentional, Franklin County imposed a $2,000 fine for this smoking violation. The Tavern, through counsel, requested an administrative review to contest the smoking violation.

{¶ 5} At the administrative hearing, Bradley and Marks testified to the facts described above. The Tavern presented additional evidence.

{¶ 6} Pam Parker, who is married to the owner of the Tavern, testified that the Tavern has a strict no-smoking policy. The bar has a number of no-smoking signs, has no ashtrays inside the bar, and instructs its employees to ask smokers to either stop smoking or to take the cigarettes outside. Parker was at the Tavern on the night in question. She testified that the people smoking at the Tavern that night were not regulars and that some of them had been smoking since they arrived at the bar. She stated that shortly after those patrons arrived, she asked them to stop smoking. However, some of them did not comply with her request. She did not think it was reasonable to take any other steps to prevent them from smoking after they refused her first request to stop smoking. She further stated that the Tavern was "struggling for business now," and she implied that she was unwilling to kick out more people because they were smoking. After she saw the inspectors enter the Tavern, she told the patrons who were smoking that they would be fined if they did not stop, and they put out their cigarettes.

{¶ 7} At the end of the hearing, Franklin County affirmed the smoking violation. Franklin County concluded that the Tavern permitted smoking by not taking reasonable measures to prevent smoking in the establishment. The Franklin County Court of Common Pleas affirmed that decision.

{¶ 8} The Tavern appeals and assigns the following errors:

I. The trial court erred in affirming the decision of the Franklin County Board of Health where the inspectors failed to conduct an interview of the proprietor, employees, or patron's of Parker's Tavern.

II. The trial court erred in finding that Parker's Tavern permitted smoking within the establishment.

**Standard of Review**

{¶ 9} This appeal is governed by R.C. 119.12. R.C. 3794.09(C); *The Boulevard v. Ohio Dept. of Health*, 10th Dist. No. 09AP–837, 2010-Ohio-1328, 2010 WL 1229184, ¶ 7. Therefore, the trial court reviews the agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. Determining whether an agency order is supported by reliable, probative, and substantial evidence is essentially a question of the presence or absence of the requisite quantum of evidence. In undertaking this hybrid form of review, the trial court must give due deference to the administrative resolution of evidentiary conflicts, but the findings of the agency are not conclusive. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110–111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 10} On appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. In reviewing the common pleas court's determination that an agency order is or is not supported by reliable, probative, and substantial evidence, the appellate court's role is limited to determining whether the common pleas court abused its discretion. *Ace Ventures L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. No. 03AP–280, 2003-Ohio-6556, 2003 WL 22889567, ¶ 6. On questions of law, the court of appeals' review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.

**First Assignment of Error—Ohio Adm.Code 3701–52–08(D)**

{¶ 11} In this assignment of error, the Tavern argues that Franklin County did not comply with Ohio Adm.Code 3701–52–08(D) because Bradley and Marks did not conduct interviews of the owner, employees, or patrons. However, the Tavern did not make this argument in the trial court. The failure to raise this issue in the trial court forfeits this issue for appellate purposes. *Pole v. Ohio Dept. of Health*, 10th Dist. No. 08AP–1110, 2009-Ohio-5021, 2009 WL 3066676, ¶ 10, citing *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 15. Accordingly, we will not consider the issue, and we overrule the Tavern's first assignment of error.

**Second Assignment of Error—Did The Tavern Permit Smoking?**

{¶ 12} The Tavern argues in this assignment of error that there was insufficient evidence in the record to prove that it permitted smoking. We disagree.

{¶ 13} To prove a violation of R.C. 3794.02(A), Franklin County had to prove by a preponderance of the evidence that the Tavern permitted smoking.

*Pour House, Inc. v. Ohio Dept. of Health,* 185 Ohio App.3d 680, 2009-Ohio-5475, 925 N.E.2d 621, ¶ 18–20. A proprietor permits smoking when the proprietor affirmatively allows smoking or implicitly allows smoking by failing to take reasonable measures to prevent patrons from smoking, such as by posting no-smoking signs and notifying patrons who attempt to smoke that smoking is not permitted. Id., citing *Traditions Tavern v. Columbus,* 171 Ohio App.3d 383, 2006-Ohio-6655, 870 N.E.2d 1197.

{¶ 14} The Tavern argues that it did not permit smoking because it took the measures to prevent patrons from smoking that this court mentioned in *Pour House.* While the Tavern did take the measures mentioned in *Pour House,* compliance with those measures is not, by itself, sufficient to prove that an owner did not permit smoking in every case. The preventive measures mentioned in *Pour House* were only examples of measures that an owner could take to demonstrate a reasonable attempt to prevent smoking in the establishment. We did not indicate that implementation of those specific measures created a "safe harbor." Whether the owner took reasonable measures to prevent its patrons from smoking depends on the particular circumstances and must be assessed on a case-by-case basis.

{¶ 15} Here, Bradley's and Marks's observations are reliable, probative, and substantial evidence that support the smoking violation. They observed patrons smoking in the bar and did not witness anyone from the Tavern ask them to stop smoking until shortly after the inspectors were recognized. *The Boulevard,* 2010-Ohio-1328, 2010 WL 1229184, at ¶ 18. The Tavern is a small bar, and the patrons in question were openly smoking. The inspectors stated that cigarette smoke was very noticeable as soon as they entered the Tavern.

{¶ 16} Parker testified at the administrative hearing that she had asked the patrons to stop smoking about an hour before the inspectors arrived, and some of them had refused. She did not approach the patrons again until after the inspectors arrived. Given these particular circumstances, one request to the patrons to stop smoking in an hour may not constitute reasonable measures to prevent smoking. We cannot conclude that the trial court abused its discretion in finding reliable, probative, and substantial evidence to support the administrative decision.

{¶ 17} Because the trial court did not abuse its discretion when it affirmed the Tavern's smoking violation, we overrule the Tavern's second assignment of error.

{¶ 18} Having overruled the Tavern's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

SADLER and CONNOR, JJ., concur.