[Cite as *Shah v. State Med. Bd. of Ohio*, 2014-Ohio-4067.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Mahendrakumar C. Shah, M.D.,  :

      Appellant-Appellant,  :

                                 **No. 14AP-147**

v.  :  (C.P.C. No. 13CVF-10-11874)

State Medical Board of Ohio,  :  (ACCELERATED CALENDAR)

      Appellee-Appellee.  :

---

## D E C I S I O N

### Rendered on September 18, 2014

---

*Graff & McGovern, LPA*, and *James M. McGovern*, for appellant.

*Michael DeWine*, Attorney General, *Melinda R. Snyder*, for appellee.

---

### APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Mahendrakumar C. Shah, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of appellee, the State Medical Board of Ohio ("the Board"), to permanently revoke appellant's medical license. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} Appellant held a license to practice medicine in West Virginia since 1984. In 2010, a complaint was filed against appellant with the West Virginia Board of Medicine ("West Virginia") alleging that he had engaged in sexual activity with his patients in exchange for prescriptions in the course of his medical practice. West Virginia investigated the allegations and concluded that appellant had prescribed multiple

controlled substances over a period of time to some patients whose medical conditions did not warrant the use of those controlled substances. The investigation also revealed that appellant's patient records did not always justify his course of treatment. While the investigation did not find evidence that appellant was exchanging prescriptions for sexual favors, appellant did admit to the investigators that he engaged in sexual relations with one of his patients.

{¶ 3} On September 10, 2012, West Virginia and appellant entered into a consent order to resolve these allegations short of a hearing. In that order, West Virginia found that probable cause existed to support multiple charges against appellant. They included: (1) dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public, (2) exercising influence within the patient-physician relationship for the purpose of engaging a patient in sexual activity, (3) prescribing a prescription drug other than in good faith and in a therapeutic manner, (4) failing to keep written records justifying the course of treatment, (5) failure to practice medicine with the level of care, skill, and treatment recognized by a reasonable, prudent, similar physician, and (6) dishonorable, unethical, or unprofessional conduct by prescribing controlled substances in amounts that he knew or had reason to know were excessive. West Virginia ordered appellant to surrender his medical license and his certificate to prescribe controlled substances and also to close his medical practice. He was also prohibited from ever applying for a medical license in the state again. Appellant signed the consent order and agreed to surrender his license, thereby resolving the disciplinary action against him.

{¶ 4} Appellant also possessed a license to practice medicine in Ohio. As a result of the disciplinary action taken by West Virginia, the Board notified appellant that it intended to determine whether to take its own disciplinary action pursuant to R.C. 4731.22(B)(22), which allows the Board to sanction a physician's Ohio certificate to practice if the physician's license in another state has been sanctioned by another state's agency. Appellant requested and received a hearing on the matter.

{¶ 5} After the hearing, the hearing officer issued a report and recommendation in which she concluded that the consent order constituted an action taken by an agency responsible for authorizing, certifying, or regulating an individual to practice a health care occupation or provide health care services in this state or another jurisdiction, pursuant to

R.C. 4731.22(B)(22), thereby subjecting appellant to sanctions. The hearing officer ultimately recommended the indefinite suspension of appellant's license for not less than one year. She also recommended a permanent limitation on prescribing controlled substances, conditions for reinstatement, and a two-year period of probation.

{¶ 6} The Board adopted the hearing officer's findings of fact and conclusions of law, but amended her recommended sanction to permanently revoke appellant's medical license. Appellant appealed to the trial court, which affirmed the Board's decision.

## II. Appellant's Appeal

{¶ 7} Appellant appeals to this court and assigns the following errors:

> [I.] The Franklin County Court of Common Pleas erred and abused its discretion when it found that the procedure the State Medical Board of Ohio followed and the basis the Board offered for amending the Hearing Examiner's Proposed Order and adopting the Order permanently revoking Dr. Shah's Ohio medical license was supported by reliable, probative and substantial evidence.

> [II.] The Franklin County Court of Common Pleas erred and abused its discretion when it found that the procedure the State Medical Board of Ohio followed and the basis the Board offered for amending the Hearing Examiner's Proposed Order and adopting the Order permanently revoking Dr. Shah's Ohio medical license was in accordance with law.

> [III.] The Franklin County Court of Common Pleas erred and abused its discretion when it found that the sanction imposed upon Dr. Shah by State Medical Board of Ohio is proportionate to his conduct.

{¶ 8} Because appellant's first and second assignments of error each address the same issues, we will first consider them together.

### A. Standard of Review

{¶ 9} Pursuant to R.C. 119.12, when a trial court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Macheret v. State Med. Bd. of Ohio*, 188 Ohio App.3d 469, 473-74, 2010-Ohio-3483 (10th Dist.). If a party appeals the trial court's decision to affirm, reverse, vacate, or modify the agency's order, the appellate court must determine whether

the trial court abused its discretion in its examination of the record for reliable, probative, and substantial evidence. *Id.*, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). On questions of law, an appellate court's review is plenary. *Franklin Cty. Sheriff v. Frazier*, 174 Ohio App.3d 202, 2007-Ohio-7001, ¶ 17 (10th Dist.).

### B. Appellant's First and Second Assignments of Error—The Board's Sanction Modification

{¶ 10} In these two assignments of error, appellant argues that the Board's decision to modify the hearing officer's recommended sanction was contrary to law. We disagree.

{¶ 11} The Board sanctioned appellant for a violation of R.C. 4731.22(B)(22), which allows the Board to "limit, revoke, or suspend an individual's certificate to practice" for:

> [a]ny of the following actions taken by an agency responsible for authorizing, certifying, or regulating an individual to practice a health care occupation or provide health care services in this state or another jurisdiction, for any reason other than the nonpayment of fees: the limitation, revocation, or suspension of an individual's license to practice; acceptance of an individual's license surrender; denial of a license; refusal to renew or reinstate a license; imposition of probation; or issuance of an order of censure or other reprimand[.]

{¶ 12} The hearing officer concluded that the consent order entered into between appellant and West Virginia was an action taken by another state agency under R.C. 4731.22(B)(22). This consent order authorized the Board to sanction appellant. Appellant does not dispute this conclusion. *Applegate v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-78, 2007-Ohio-6384, ¶ 25; *Ross v. State Med. Bd. of Ohio*, 10th Dist. No. 03AP-971, 2004-Ohio-2130, ¶ 12. Instead, he argues that the Board improperly modified the hearing officer's recommended sanction because the evidence did not support its reasons for the modification. We disagree.

{¶ 13} The Board appointed a hearing officer to conduct the hearing appellant requested. After the hearing, that hearing officer submitted her report and recommendation. Pursuant to R.C. 119.09, "[t]he recommendation of the referee or examiner may be approved, modified, or disapproved by the agency * * *. No such recommendation shall be final until confirmed and approved by the agency * * *, and if

the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval."

{¶ 14} The Board followed this statutory process. The Board considered the hearing officer's recommendation and modified it to impose a harsher sanction. In so doing, the Board complied with R.C. 119.09 by including in the records of its proceedings the reasons for its modification. Specifically, the Board's stated rationale for its change was "[t]he physician's permanent surrender of his West Virginia medical license, surrender of his DEA registration, and the underlying prescribing habits and sexual contact with a patient constitute grounds for permanent revocation in Ohio." Appellant argues that these reasons were not supported by the evidence. We disagree. All of these reasons are found in the West Virginia consent order, which also concluded that probable cause existed to support all of these reasons. The West Virginia order is in the record and is reliable, probative, and substantial evidence to support the reasons relied on by the Board to modify the hearing officer's recommended sanction.

{¶ 15} The Board did not err when it modified the hearing officer's recommended sanction pursuant to R.C. 119.09. Accordingly, the trial court did not abuse its discretion by affirming the Board's decision. Appellant's first and second assignments of error are overruled.

## C. Appellant's Third Assignment of Error—The Sanction Imposed by the Board

{¶ 16} In his third assignment of error, appellant also contends that the Board's choice of sanction was not proportionate to his conduct. We reject this argument.

{¶ 17} When the board's order is supported by reliable, probative, and substantial evidence and is in accordance with law, a reviewing court may not modify a sanction authorized by statute. *Henry's Cafe, Inc. v. Ohio Bd. of Liquor Control*, 170 Ohio St. 233 (1959); *Merritt v. Ohio Liquor Control Comm.*, 10th Dist. No. 02AP-709, 2003-Ohio-822, ¶ 34. R.C. 4731.22(B)(22) authorized the Board to revoke appellant's medical license if his medical license in another state is suspended or limited by that state's licensing authority. *Applegate*. Appellant does not dispute that this occurred. Therefore, because the Board was authorized to sanction appellant, and the chosen sanction was authorized by statute,

the trial court could not interfere with or modify the penalty imposed. *Henry's Cafe, Inc.*; *see also DeBlanco v. Ohio State Med. Bd.*, 78 Ohio App.3d 194 (10th Dist.1992).

{¶ 18} This court has consistently rejected the argument that appellant raises here that his sanction was disproportionate pursuant to *Brost v. Ohio State Med. Bd.*, 62 Ohio St.3d 218, 221 (1991). That case does not stand for the proposition that a board must apply a proportionality analysis to its sanctions. Rather, it addressed whether the board is constrained by its disciplinary guidelines in imposing sanctions authorized by statute. *Id.* at 221; *Schechter v. Ohio State Med. Bd.*, 10th Dist. No. 04AP-1115, 2005-Ohio-4062, ¶ 72-77; *Ross* at ¶ 9-10.

{¶ 19} We overrule appellant's third assignment of error.

### III. Conclusion

{¶ 20} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

———————————