[Cite as *Edmands v. State Med. Bd. of Ohio*, 2017-Ohio-8215.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher J. Edmands, D.O., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-726 |
| v. | : | (C.P.C. No. 14CV-5644) |
| State Medical Board of Ohio, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 17, 2017

**On brief:** *Elizabeth Y. Collis*, for appellant. **Argued:** *Elizabeth Y. Collis.*

**On brief:** *Michael DeWine*, Attorney General, *James T. Wakley*, and *Katherine J. Bockbrader*, for appellee. **Argued:** *Katherine J. Bockbrader.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Christopher J. Edmands, D.O., appeals from a judgment of the Franklin County Court of Common Pleas that affirmed an order of the State Medical Board of Ohio ("the Board") permanently denying Edmands' application for a certificate to practice medicine and surgery in Ohio. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} This court set forth the factual background of this case in Edmands' previous appeal in this matter. *Edmands v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-

778, 2015-Ohio-2658, ¶ 2-8 ("*Edmands I*"). As we noted in that decision, Edmands submitted to the Board an application for a license to practice osteopathic medicine and surgery in Ohio on August 2, 2013. At that time, Edmands was licensed to practice osteopathic medicine and surgery in West Virginia. However, in February 2013, the West Virginia Board of Osteopathic Medicine reprimanded Edmands and placed his license on probation for 12 months. That disciplinary action stemmed from Edmands' practice of pre-signing blank prescription forms, verbal-order forms, and face-to-face encounter forms, and allowing nursing staff to complete the forms.

{¶ 3} Edmands attached a letter to his Ohio application in which he admitted that, while working as the medical director for Amedisys Hospice ("Hospice"), he pre-signed certain forms. Edmands explained that he did so to ensure that end-of-life Hospice patients would receive prompt, continuous medical care. Edmands believed that Hospice condoned this practice, but discovered otherwise when Hospice declined to renew his contract. Edmands acknowledged that he should not have pre-signed any forms, and he promised not to do so again.

{¶ 4} Subsequently, in a letter dated March 12, 2014, the Board notified Edmands that it intended to determine whether to refuse to register him because of the disciplinary action against his West Virginia license. Pursuant to the version of R.C. 4731.22(B)(22) effective at that time, the Board could refuse to register an individual if another state's regulatory board has reprimanded or imposed probation on that physician. The Board's March 12, 2014 letter also advised Edmands that he was entitled to a hearing on the matter. On March 19, 2014, the Board received a reply letter from Edmands, which stated, in part, "I have no further information to present for the OH Board of Medicine's review and therefore, am not requesting a hearing."

{¶ 5} At a May 14, 2014 meeting, the Board considered Edmands' application and voted to permanently deny it. The Board issued an order to that effect, which Edmands appealed to the trial court pursuant to R.C. 119.12. The Board moved to dismiss the appeal, arguing that Edmands waived his right to appeal the Board's order because he did not request an administrative hearing from the Board. In response, Edmands argued that the March 12, 2014 notice was so confusing, vague, and ambiguous that it denied him his due process right to a meaningful opportunity for a hearing. Edmands also challenged the

evidence before the Board, contending that it was not reliable, probative, and substantial. The trial court dismissed the appeal, concluding that Edmands' failure to request a hearing prevented the court from reviewing the Board's order. The trial court also rejected Edmands' due process claim but did not address whether the Board's order was supported by reliable, probative, and substantial evidence.

{¶ 6}   In *Edmands I*, this court reversed that decision. We concluded that the trial court erred by dismissing Edmands' appeal based on his failure to request a hearing. *Id.* at ¶ 10-15. We also reviewed Edmands' due process claim and held that the Board's notice reasonably conveyed his right to a hearing and the purpose of the hearing, and complied with all due process requirements. *Id.* at ¶ 25-26. Accordingly, we reversed the trial court's decision dismissing Edmands' appeal and remanded the matter for the trial court to address his argument that the Board's order was not supported by reliable, probative, and substantial evidence. *Id.* at ¶ 27.

{¶ 7}   On remand, and after briefing by the parties, the trial court concluded that the Board's order was supported by reliable, probative, and substantial evidence. It rejected Edmands' argument that the Board did not have mitigating evidence because he failed to request a hearing and, therefore, forfeited his right to present such evidence. The trial court also rejected Edmands' argument that the Board's sanction was too harsh and inconsistent with other sanctions imposed in similar cases

## II. Edmands' Appeal

{¶ 8}   Edmands appeals and assigns the following error:

> The Court of Common Pleas, Franklin County, Ohio, erred by affirming the Findings, Order and Journal Entry dated May 14, 2014 * * * of the State Medical Board of Ohio.

{¶ 9}   In this assignment of error, Edmands argues that the Board's order was not supported by reliable, probative, or substantial evidence because: (1) the Board relied on incomplete and inaccurate information when it issued its order, (2) the Board did not review his application in accordance with R.C. 4731.17(A), and (3) the Board's order violates the public interest.

## A. Standard of Review

{¶ 10} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980); *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews* at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. *Conrad* at 111. On questions of law, the common pleas court conducts a de novo review, exercising its independent judgment in determining whether the administrative order is in accordance with law. *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993); *Froehlich v. Ohio State Med. Bd.*, 10th Dist. No. 15AP-666, 2016-Ohio-1035, ¶ 15.

{¶ 11} An appellate court's review of an administrative order is more limited. *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 40-41. Instead of appraising the weight of the evidence, an appellate court determines whether the common pleas court abused its discretion in its examination of the record for reliable, probative, and substantial evidence. *Id.* at ¶ 41; *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Absent an abuse of discretion, an appellate court must affirm the common pleas court's judgment, even if the appellate court would have arrived at a different conclusion than that of the common pleas court. *Bartchy* at ¶ 41-42. When reviewing the trial court's judgment as to whether an agency's decision is in accordance with law, an

appellate court's review is plenary. *Spitznagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, ¶ 14; *Hughes v. Ohio Bd. of Nursing*, 10th Dist. No. 15AP-786, 2016-Ohio-4768, ¶ 7.

## B. Edmands' Arguments

### 1. Did the Board Rely on Incomplete and Inaccurate Information?

{¶ 12} Edmands first argues that the Board based its decision on incomplete and inaccurate information. Specifically, the Board's meeting on this matter occurred on May 14, 2014. The Board had before it an affidavit from its senior executive staff attorney which stated that as of April 16, 2014, the date of the affidavit, the Board had not received any additional correspondence from Edmands. In the month between the preparation of the affidavit and the meeting, however, Edmands sent a letter to the Board in an attempt to supplement the contents of his application to indicate that his West Virginia probationary period had ended on April 30, 2014. Edmands argues that the Board should have considered the information in the letter because it is significant and could have impacted the Board's decision.

{¶ 13} We first note that the affidavit was, in fact, correct when it stated that as of a certain date the Board had not received any further correspondence from Edmands. It was only after that date that Edmands sent his letter to the Board. Regardless, by not requesting a hearing, Edmands forfeited his right to present evidence to the Board, even under the guise of "supplementing" his application. *Goldman v. State Med. Bd.*, 10th Dist. No. 98AP-238 (Oct. 20, 1998). Thus, the Board did not have to consider Edmands' letter. We note, however, that the Board had the authority to consider the letter if it came to their attention prior to the meeting.

### 2. Did the Board Review Edmands' Application?

{¶ 14} Next, Edmands argues that the Board did not review his application in making its decision as required by R.C. 4731.17(A).[1] Specifically, he argues that in light of the enormous amount of details that he included in his application concerning his West Virginia licensure issues, the Board's limited discussion of that issue demonstrates that the Board did not review the application. Edmands, however, did not make this argument

---

[1] That statute, in relevant part, provides that "[t]he state medical board shall review all applications received under section 4731.19 of the Revised Code."

to the trial court. The failure to raise the issue in the trial court forfeits this issue for appellate purposes. *Parker's Tavern v. Ohio Dept. of Health*, 195 Ohio App.3d 22, 2011-Ohio-3598, ¶ 11 (10th Dist.); *Abunku v. State Med. Bd.*, 10th Dist. No. 11AP-906, 2012-Ohio-2734, ¶ 34.

{¶ 15} Under this argument, Edmands also argues that his sanction was harsher than sanctions imposed on other physicians facing similar or worse violations. Edmands did raise this issue before the trial court and we shall therefore address it. Our review of this claim, however, is rather limited. Specifically, when the board's order is supported by reliable, probative, and substantial evidence and is in accordance with law, a reviewing court may not modify a sanction authorized by statute. *Henry's Café Inc. v. Ohio Bd. of Liquor Control*, 170 Ohio St. 233 (1959); *Shah v. State Med. Bd. of* Ohio, 10th Dist. No. 14AP-147, 2014-Ohio-4067, ¶ 17. As this court has noted, as a practical matter, courts have no power to review penalties meted out by an agency pursuant to *Henry's Café*. Thus, we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh. *Abunku* at ¶ 29.

{¶ 16} Here, R.C. 4731.22(B)(22) authorized the Board to permanently deny Edmands' application for a certificate to practice medicine and surgery in Ohio if another state's regulatory board reprimanded or imposed probation on Edmands. He does not dispute that this occurred in West Virginia. Therefore, because the Board was authorized to sanction Edmands, and the chosen sanction was authorized by statute, the trial court could not interfere with or modify the penalty imposed. *Henry's Café*; *see also DeBlanco v. Ohio State Med. Bd.*, 78 Ohio App.3d 194 (10th Dist.1992); *Shah* at ¶ 17.

### 3. Does the Board's Order Violate the Public Interest?

{¶ 17} Last, Edmands argues that the Board's order violates the public interest by "depriving Ohio citizens of a dedicated primary care physician to serve its rural communities." (Appellant's Brief at 29.) Again, Edmands did not make this argument to the trial court and has, therefore, forfeited it for purposes of appeal. *Parker's Tavern*.

### C. Conclusion

{¶ 18} Having rejected each of Edmands' arguments in support of his assignment of error, we overrule his lone assignment of error.

## III.  Conclusion

{¶ 19}  For all these reasons, we overrule Edmands' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

————————————