[Cite as *Gerritsen v. State Med. Bd. of Ohio*, 2023-Ohio-943.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ryan L. Gerritsen, M.D.,                    :

        Appellant-Appellant,              :            No. 22AP-466
                                              (C.P.C. No. 19CV-8771)
v.                                                        :

State Medical Board of Ohio,                           (REGULAR CALENDAR)

                                    :

        Appellee-Appellee.                :

                                    :

D E C I S I O N

Rendered on March 23, 2023

**On brief:** *Dinsmore & Shohl, LLP*, *Eric J. Plinke*, and *Gregory A. Tapocsi*, for appellant. **Argued:** *Eric J. Plinke*.

**On brief:** *Dave Yost*, Attorney General, *Kyle C. Wilcox*, and *Melinda R. Snyder*, for appellee. **Argued:** *Katherine J. Bockbrader*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Appellant-appellant, Ryan L. Gerritsen, M.D., appeals from the judgment of the Franklin County Court of Common Pleas affirming the October 16, 2019 order of appellee-appellee, State Medical Board of Ohio (the "Board"), finding that, pursuant to R.C. 4731.22(B)(26), appellant is impaired in his ability to practice. (June 27, 2022 Decision & Entry.) For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant is a physician who completed his residency in Otolaryngology in Pennsylvania. He is a native Ohioan who completed his undergraduate education and medical school at The Ohio State University. Returning to Ohio was always part of his professional plan. During his residency, appellant became dependent on Modanfinil, a self-

prescribed medication used to treat sleep disorders. Ultimately, he was diagnosed with a substance use disorder and underwent successful treatment.

{¶ 3} On November 28, 2018, appellant submitted an application for licensure to practice medicine and surgery in Ohio. In response to questions asked in the application, appellant truthfully disclosed his diagnosis and history of substance use disorder, the underlying events, his successful completion of treatment, and his enrollment in the Pennsylvania Physicians Health Program, a confidential monitoring program for Pennsylvania physicians.

{¶ 4} The Board investigated the matter and subsequently issued a Notice of Opportunity for Hearing on April 10, 2019, alleging that appellant was impaired in his ability to practice medicine pursuant to R.C. 4731.22(B)(26). Appellant requested a hearing and further sought to be eligible for Ohio's "One-Bite Program," a confidential program for the treatment and monitoring of impaired physicians in the state of Ohio established pursuant to R.C. 4731.251 and 4731.252.

{¶ 5} In June 2019, the Board conducted a hearing, and a Report and Recommendation ("R & R"), was subsequently issued by the Hearing Examiner. The R & R determined, amongst other things, that appellant was not eligible for the One-Bite Program because under the terms of the statutes establishing the One-Bite Program, appellant was not a "practitioner" as required for eligibility.

{¶ 6} On October 16, 2019 the Board issued an order adopting the R & R and finding that, pursuant to R.C. 4731.22(B)(26), appellant is impaired in his ability to practice. On October 23, 2019, the Board issued appellant a license to practice medicine and placed probationary limitations on his certificate for a period of at least four years.

{¶ 7} On October 23, 2019, appellant appealed the Board's October 16, 2019 order which found appellant impaired to the Franklin County Court of Common Pleas. On June 27, 2022, the trial court issued its decision and entry affirming the order of the State Medical Board of Ohio, finding that the Board's order was supported by reliable, probative, and substantial evidence and in accordance with the law, including the Board's determination that appellant was ineligible for the One-Bite Program under the version of the statute in place during the time frame relevant to this matter.

{¶ 8} This timely appeal followed.

## II. Assignment of Error

{¶ 9} Appellant asserts the following as his sole assignment of error for our review:

The trial court decision sustaining the Board's interpretation
and application of R.C. 4731.251 is contrary to law.

## III.  Law and Analysis

### A. Standard of Review

{¶ 10} In an administrative appeal brought pursuant to R.C. 119.12, the common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). Reliable, probative, and substantial evidence has been defined as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 11} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Edmands v. State Med. Bd.*, 10th Dist. No. 16AP-726, 2017-Ohio-8215, ¶ 10, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The trial court "must give due deference to the administrative resolution of evidentiary conflicts," although "the findings of the agency are by no means conclusive." *Conrad* at 111. The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), citing R.C. 119.12.

{¶ 12} By contrast, an appellate court's review of an administrative decision is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d

619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id*.; *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). A trial court abuses its discretion when it exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 35. The term abuse of discretion, " ' commonly employed to justify an interference by a higher court with the exercise of discretionary power by a lower court, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *Id*., quoting Black's Law Dictionary 11 (2d Ed.1910). Absent an abuse of discretion, this court may not substitute its judgment for that of the administrative agency or the trial court. *Pons* at 621. However, on the question of whether the agency's order was in accordance with the law, this court's review is plenary. *Kistler v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 04AP-1095, 2006-Ohio-3308, ¶ 9.

**B. DISCUSSION**

{¶ 13} In appellant's sole assignment of error, he asserts, in essence, that the trial court erred in affirming the Board's decision because it was based on an incorrect interpretation and application of R.C. 4731.251. We disagree.

{¶ 14} This is an administrative appeal, so the issue before this court distills to whether the common pleas court abused its discretion in affirming the Board's decision as "supported by reliable, probative, and substantial evidence," and to whether the Board's determination was in accordance with law. We observe that although appellant asserts this appeal presents both questions of law and questions of fact, he fails to actually point out or discuss any issues of fact in his brief. Nor do we find there are any issues of fact presented in this case. Instead, this case concerns only issues of statutory construction—questions of law for this court to decide.[1] *New Riegel Local School Dist. Bd. of Educ. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851 ¶ 8, citing *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, ¶ 8.

---

[1] Indeed, appellant's sole assignment of error shows appellant recognizes this.

{¶ 15} Where the words in a statute are " 'free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation.' " *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Educ. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 34, citing *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. " 'It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute.' " *Id.* at ¶ 35, quoting *In re Adoption of Baby Boy Brooks*, 136 Ohio App.3d 824, 829 (10th Dist.2000). An ambiguity exists only "if the language of a statute is susceptible of more than one reasonable interpretation." *Id.*, citing *Columbus v. Mitchell*, 10th Dist. No. 16AP-322, 2016-Ohio-7873, ¶ 6.

{¶ 16} Courts "apply the rules of statutory construction to administrative rules as well." *McFee v. Nursing Care Mgt. of Am., Inc.*, 126 Ohio St.3d 183, 2010-Ohio-2744, ¶ 27, citing *State ex rel. Brilliant Elec. Sign Co., v. Indus. Comm.*, 57 Ohio St.2d 51, 54 (1979) (finding the "ordinary meaning rule" of statutory construction applies equally to administrative rules.). Thus, " '[t]he interpretation of statutes and administrative rules should follow the principle that neither is to be construed in any way other than as the words demand.' We must read undefined words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, ¶ 14, quoting *Morning View Care Ctr.-Fulton v. Dept. of Human Servs.*, 148 Ohio App.3d 518, 2002-Ohio-2878, ¶ 36 (10th Dist.)

{¶ 17} Courts lack authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation or liberal or narrow constructions. *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 76 Ohio St.3d 584, 588 (1996). Instead, a court's duty is to give effect to the words used in a statute, not to delete or insert words. *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10. "If we were to brazenly ignore the unambiguous language of a statute, or if we found a statute to be ambiguous only after delving deeply into the history and background of the law's enactment, we would invade the role of the legislature: to write the laws." *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 8. Thus, if "the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for

resorting to rules of statutory interpretation," because "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 18} The Supreme Court of Ohio has very recently underscored the foregoing tenet that unambiguous statutes are to be applied and not interpreted. In *TWISM Ents., L.L.C., v. State Bd. of Registration for Professional Engineers & Surveyors*, ___ Ohio St.3d ___, 2022-Ohio-4677, the Supreme Court first discussed and ultimately rejected the oft-cited proposition of law that courts must "defer to an administrative agency's reasonable interpretation of a statute, or its reasonable interpretation of an ambiguous statute." *TWISM Ents., L.L.C.* at ¶ 42. Instead, the court declared that while "a court *may* consider an administrative agency's construction of a legal text in exercising its duty to independently interpret the law * * *, an administrative interpretation should never be used to alter the meaning of clear text. *If the text is unambiguous, the court should stop right there.*" (Emphasis added.) *Id.* at ¶ 44.

{¶ 19} The court went on to explain when consideration of an agency's interpretation of a statute or rule might be warranted:

> In assessing the persuasiveness of an agency interpretation, it is appropriate for a court to keep in mind the respective competencies of the agency and the judiciary. When it comes to interpretation of text involving common words used in their ordinary sense, there will rarely, if ever, be a need for a court to look to an agency interpretation. This task is routinely performed by courts and is well within the judiciary's core competence. On the other hand, in a specialized matter that involves technical meaning uniquely within the competency of the agency, the agency's expertise might prove helpful to a court in its interpretive task. *See Sarasota Mem. Hosp. v. Shalala*, 60 F.3d 1507, 1511 (11th Cir.1995). Even then, it remains the judiciary's role to independently interpret the law; the weight to be given the agency interpretation depends on its persuasiveness.

*Id.* at ¶ 47. Thus, where a statute or administrative rule is clear and unambiguous, our task is not to *interpret* it at all—with or without any consideration of the administrative agency's view of its meaning—but rather to construe and apply it according to its plain language.

**{¶ 20}** During the time-frame relevant to this appeal, the version of R.C. 4731.251[2] then in effect provided, in pertinent part, as follows:

> (A) As used in this section and in sections 4731.252 and 4731.253 of the Revised Code:
>
> * * *
>
> (3) "Practitioner" means any of the following:
>
> (a) An individual authorized under this chapter to practice medicine and surgery, osteopathic medicine and surgery, podiatric medicine and surgery, or a limited branch of medicine; * * *
>
> (B) The state medical board shall establish a confidential program for treatment of impaired practitioners, which shall be known as the one-bite program. The board shall contract with one organization to conduct the program and perform monitoring services.

By the clear and unambiguous language of the foregoing statute, the foregoing version provided that the one-bite program was open to impaired "practitioners" who were eligible pursuant to R.C. 4731.252.[3] In turn, the term "practitioner" is defined, in relevant part, as "[a]n individual authorized under this chapter to practice medicine and surgery, osteopathic medicine and surgery, podiatric medicine and surgery, or a limited branch of medicine." R.C. 4731.251(A)(2).

**{¶ 21}** Nothing about the foregoing statutory language is unclear or ambiguous in any way. Rather, under the clear and unambiguous language of the statute in place at the time, a "practitioner" cannot include an applicant, who is not authorized to practice medicine. Thus, prior to the amendment of R.C. 4731.251 in March 2022, it was clear from the plain language of R.C. 4731.251 that the One-Bite Program was only available to current holders of licenses to practice medicine in the state of Ohio—it was not available to physicians like appellant who had applied for licensure but had not yet been granted such a license. Therefore, the trial court correctly construed and applied the clear and unambiguous language of the One-Bite statute and found that "[w]hen appellant requested

---

[2] This statute is known as the "one-bite" statute.

[3] The eligibility requirements include impairment; no prior participation in the program; and no prior discipline for impairment by the Board unless the Board has referred the practitioner to the program. R.C. 4731.252 (A)(1)(2) and (3).

to participate in the one-bite program, [a]ppellant was not a "practitioner," as defined by R.C. 4731.251." (June 27, 2022 Decision & Entry at 19.)

{¶ 22} Appellant's position that even if he was not eligible for the One-Bite Program at the time he was still an applicant, immediately upon being granted a license by the Board he became a practitioner and therefore eligible for the program would lead to an absurd result. This result would completely negate the requirement under the One-Bite statute that only current license holders—i.e., practitioners—were eligible for the program in the first place. Indeed, the very fact that the General Assembly ultimately *did* amend the one-bite statute to specifically include "applicants" as eligible for the One-Bite Program shows that the original version did *not* so include applicants. *See, e.g., State v. Wilson*, 77 Ohio St.3d 334, 336 (1997) (" '[T]he General Assembly is not presumed to do a vain or useless thing, and * * * when language is inserted in a statute it is inserted to accomplish some definite purpose.' ") (quoting *State ex rel. Cleveland Elec. Illum. Co., v. Euclid*, 169 Ohio St. 476, 479 (1959)).

{¶ 23} Furthermore, the fact that R.C. 4731.251 was amended via H.B. 122, effective March 23, 2022, to make applicants eligible to participate in the One-Bite Program is of no aid to appellant. This is so because there is no indication that the statute as amended was meant to apply retroactively to persons such as appellant, and the Revised Code provides that a "statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. A statute may not be applied retroactively unless the General Assembly expressly makes it retroactive. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 9.[4]

{¶ 24} Finally, appellant's position that the trial court gave undue deference to the Board's "interpretation" of the One-Bite statute is without merit. Despite appellant's insistence that both the Board and the trial court incorrectly "interpreted" the one-bite

---

[4] Even where a statute is made expressly retroactive, such a designation is subject to a determination whether that statute is unconstitutionally retroactive in violation of the Ohio Constitution, which provides that the "general assembly shall have no power to pass retroactive laws." Ohio Constitution, Article II, Section 28. This analysis depends on whether the statute at issue is "remedial" or "substantive"—if the law is "remedial," then its retroactive application is constitutional; if the law is substantive, then its retroactive application is unconstitutional. *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 106-08 (1988), *superseded by statute on other grounds as stated in Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 484 (1998). As there is no express indication that R.C. 4731.251 as amended was meant to apply retroactively, this analysis is inapplicable in this case.

statute to find that appellant, as an applicant and not a practitioner, was not eligible for the one-bite program, neither the Board nor the trial court engaged in any "interpretation" at all. Rather, as they should have done, both the Board and the trial court correctly construed and applied the plain, clear, and unambiguous language of the one-bite statute. *See TWISM Ents., L.L.C.* at ¶ 44; *see also, Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus ("[a]n unambiguous statute is to be applied, not interpreted.").

{¶ 25} In short, the trial court did not abuse its discretion in affirming the October 16, 2019 order of the Board finding that, pursuant to R.C. 4731.22(B)(26), appellant is impaired in his ability to practice, and pursuant to R.C. 4731.251, appellant is not eligible for the One-Bite Program; thus, the Board's determination was in accordance with the law. Accordingly, we overrule appellant's sole assignment of error.

## IV. Disposition

{¶ 26} For the foregoing reasons, we overrule appellant's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

———————————